**IN THE UNITED STATES BANKRUPTCY COURT FOR**
**THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | |
| **REALITY AUTO GROUP CORP** | **CASE NO. 10-05205 BKT** |
| | **Chapter 7** |
| **XXX-XX2688** | |
| | **FILED & ENTERED ON 01/31/2011** |
| **Debtor(s)** | |

**OPINION AND ORDER**

Before the court are Banco Bilbao Vizcaya's ("BBVA") Motion for Relief from Stay [Dkt. No. 41], the Chapter 7 Trustee's Opposition [Dkt. No. 48], the Trustee's Motion Requesting entry of order to Compel Turnover of Property [Dkt. No. 49] and BBVA's Opposition thereto [Dkt. No. 50]. Having reviewed the motions filed and for the reasons set forth below, BBVA's Motion for Relief of Stay is hereby DENIED and the Trustee's motion to Compel is hereby GRANTED.

**I-     PROCEDURAL BACKGROUND:**

Reality Auto Group Corp. ("Debtor") filed a petition for relief under the provisions of Chapter 7 of the Bankruptcy Code. Approximately five months after the filing of the petition, BBVA filed for relief from the automatic stay to sell certain used vehicles that were allegedly part of the financing agreements between Debtor and BBVA, and to apply the proceeds to their claim. BBVA also requested relief from stay to setoff a certificate of deposit ("CD") against that same balance.

The Trustee opposed BBVA's request by stating that the vehicles in question were under Debtor's name and therefore were not part of the financing agreement. For the same reasons, the Trustee filed a motion to compel BBVA to return the property.

The Court held a final evidentiary hearing on January 26, 2011 and the matter is submitted [Dkt. No. 63].

This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.).

**II- FACTUAL BACKGROUND**

BBVA contends that it perfected its security interest over the used vehicles in the Debtor's floor plan loan under section 9-203 of the Uniform Commercial Code ("UCC"). Said section requires security interests to be filed with the office of the Secretary of State, as adopted by the Commonwealth of Puerto Rico in 19 L.P.R.A. § 2053. Alternatively, BBVA argues that its interest was perfected as a purchase money security interest (PMSI) as defined in 19 L.P.R.A. § 2007. The Trustee contends that, because the collateral consisted of used automobiles for which a certificate of title and/or a corresponding license had been issued, the security interest could only have been perfected if BBVA filed its interest in the Registry of Motor Vehicles and Trailers of the Department of Transportation and Public Works ("DTOP"), as required by Section 1-161 of the Motor Vehicle and Traffic Law of Puerto Rico. 19 L.P.R.A. § 2163.

The Debtor and BBVA also executed a Credit Agreement and Pledge in which the parties pledged a certain CD number 034-3240500096 with a $20,000.00 deposit that would increase on a monthly basis until it reached a maximum of $80,400.00. For reasons that are not entirely clear to

this Court, the CD grew to become worth $82,636.75, despite the parties' agreement to the contrary. The Trustee submits that the limit contractually agreed to be maintained in the CD ($80,400) is inconsistent with the amount the CD would guarantee under the security agreement ($1,000,000.00), and that, since all of the relevant documents were executed on the same date, they should be considered one and the same for contract interpretation purposes. Further, the Trustee contends that these documents should be construed against the drafter, and that all ambiguities should be resolved in favor of the Debtor and the estate. BBVA contends that 19 L.P.R.A. §§ 1903 and 2053 require that the amount indicated in the security agreement ($1,000,000.00) control the amount of its interest in the CD.

**III- APPLICABLE LAW AND DISCUSSION**

UCC section 9-302(3)(b), adopted by Puerto Rico in 19 L.P.R.A. § 2163, exempts from the filing provisions of Article 9 (the provisions requiring filing with the Secretary of State) those transactions for which an adequate system of state or federal security interest filing has been set up outside the UCC. 9 Hawkland UCC Series 9-302; In re Charlie Bisang Chrysler-Plymouth, Inc., 37 B.R. 599, 602 (D.C.Ohio 1983).

19 L.P.R.A. § 2163 states that

When a security interest is created in a motor vehicle, as defined in Section 1-161 of the Motor Vehicle and Traffic Law of Puerto Rico, the security interest shall be perfected when filed in the Registry of Motor Vehicles and Trailers of the Department of Transportation and Public Works established by Section 2-102, in the manner provided in said act; provided, however, that in the case of a motor vehicle without a certificate of title or corresponding license issued by the Commonwealth or another jurisdiction, the security interest shall be perfected only when the financing statement is filed in the office of the Secretary of State, pursuant to the provisions set forth in § 2151 of this title.

Id. To phrase this section another way, security interests in automobiles for which certificates

of title or corresponding licenses have been issued (i.e., *used* cars) must be filed in the Registry of Motor Vehicles and Trailers of the DTOP, while security interests in *new* cars shall be filed with the Secretary of State. The parties agree that the automobiles in question were all used. Thus, the security interests should have been filed with the DTOP, not the Secretary of State.

BBVA argues that the act of recording vehicles under Section 1-161 of the Motor Vehicle and Traffic Law of Puerto Rico is impractical, and the DTOP lacks the resources for its compliance, application and enforcement. While these are compelling policy arguments, the Court is not at liberty to misapply the law for the convenience of a litigant. Any change in the security interest recording system for used motor vehicles must be addressed by the Legislature of Puerto Rico. BBVA also suggests that this Court has already decided this issue in its favor in two separate cases (United States Bankruptcy Court for the District of Puerto Rico, Case No. 09-02731 (BKT) and 09-02732 (BKT)), however, those cases merely contain orders approving a settlement agreement and a stipulation between the parties, respectively, and are not helpful to the analysis of the applicable laws to the case at hand.

BBVA cites 19 L.P.R.A. §§ 1903 and 2053 as supportive of its position that the amount indicated in the security agreement ($1,000,000.00) control the amount of its interest in the CD. 19 L.P.R.A. § 1903 states:

> The trustee or other liquidator, acting on behalf of all entitlement holders having security entitlements with respect to a particular financial asset, may recover the financial asset, or interest therein, from the purchaser. If the trustee or other liquidator elects not to pursue that right, an entitlement holder whose security entitlement remains unsatisfied has the right to recover its interest in the financial asset from the purchaser.

Id. The trustee has elected to recover the amount of the CD to which BBVA has no security interest on behalf of the estate, and credit agreement drafted by BBVA explicitly limits its rights in

that CD to $80,400. This Court finds no reason to interpret the security agreement to mean otherwise.

19 L.P.R.A. §§ 2002 and 2163 control the issue of the perfection of BBVA's security interest in the floor plan loan, and 19 L.P.R.A. § 1903 indicates that the trustee may recover from the CD any amount over BBVA's security interest therein. Thus, BBVA failed to properly perfect its security interest in the floor plan loan and the entire value of the CD.

Therefore, having reviewed the motions filed and the testimony and evidence presented at the evidentiary hearing, this Court concludes that BBVA's rights in the CD is limited to $80,400.00 and any remaining amount shall be turned over to the Chapter 7 Trustee. This Court also concludes that BBVA failed to properly perfect its agreement over the used vehicles subject to this controversy. Accordingly, movant's 362 motion, Docket No. 41, is DENIED and the Trustee's motion for turnover, Docket No. 49, is hereby GRANTED.

**IT IS SO ORDERED.**

**San Juan, this 31 day of January, 2011.**

**Brian K. Tester**
**U.S. Bankruptcy Judge**

**CC: DEBTOR(S)**
**NYDIA GONZALEZ ORTIZ**
**WILFREDO SEGARRA MIRANDA**